FILED
MAR -9 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORAL GEORGE THOMPSON, )
)
Plaintiff, )
v. ) Civil Action No. 1:20-cv-00255 (UNA)
)
MIREILLE DELBECQ, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case.

Plaintiff, who was tried criminally in this court and convicted on March 31, 2017, *see United States v. Gonzalez Bencomo, et al.*, No. 12-cr-00266 (D.D.C. filed Dec. 12, 2012), sues Yahoo!, Incorporated and a Yahoo employee, Mireille Delbecq. As part of the criminal investigation against him, a search warrant was issued to Yahoo in 2011. Additionally, during his criminal prosecution, Ms. Delbecq was called to testify, and during the course of her testimony, plaintiff alleges that she falsified and manipulated contents from various email accounts. He alleges that, as a result, he suffered constitutional violations and the resulting conviction. He brings his claims pursuant to 42 U.S.C. §§ 1983, 1985, the Federal Tort Claims Act (28 U.S.C. Pt. VI Ch. 171, *et seq.*) ("FTCA"), and 18 U.S.C. §§ 2707, 2516. He seeks monetary damages.

Plaintiff's constitutional claims for monetary damages fail. First, actions under §§ 1983 and 1985 are generally only available against state actors. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001); *Woytowicz v. George Washington University*, 327

1

F. Supp. 3d 105, 120 (D.D.C. 2018). Here, plaintiff has not even alleged that defendants are state actors. To the extent that plaintiff intended to bring his claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), *Bivens'* limited holding does not confer a right of action for damages against private entities. *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 66 (D.D.C. 2001).

Even if plaintiff could bring these constitutional claims, *Heck v. Humphrey,* 512 U.S. 477 (1994), is applicable. In *Heck,* the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been expanded to reach *Bivens* claims, *see Williams v. Hill,* 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam) and plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction, *see id.* at 1341.

Additionally, absolute immunity exists for witnesses and protects them from suits bringing civil damages, rendering them immune from liability in cases involving constitutional claims. *See Briscoe v. LaHue,* 460 U.S. 325 (1983); *Briggs v. Goodwin,* 712 F.2d 1444 (D.C. Cir. 1983), *cert. denied,* 464 U.S. 1040 (1983).

Plaintiff's claims under the FTCA also fail. While the intended torts are unclear, more pressing is that the FTCA authorizes certain civil actions against the United States and its agencies,

2

*see* 28 U.S.C.A. § 1346. Plaintiff has sued a private company and an individual, not the United States or one of its agencies.

Finally, plaintiff seeks damages pursuant to 18 U.S.C. § 2707 and § 2516. Section 2707(c) provides a private right of action for damages arising out of violations of the Stored Communications Act, *id.* at § 2701. Plaintiff also cites to 28 U.S.C. § 2516, which authorizes interception of wire, oral, or electronic communications. The intended allegations under this section are unclear, *see* Fed. R. P. 8(a), but the court notes that a private right of action exists under 18 U.S.C. § 2520. Regardless, under both 18 U.S.C. §§ 2707 and 2520, good faith reliance on a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization, is considered a complete defense, *see* 18 U.S.C. §§ 2707(e), 2520(d), and a civil action under either section may not be commenced later than two years after the date upon which the plaintiff first discovered or had a reasonable opportunity to discover the violation, id. at §§ 2707(f), 2520(e). Plaintiff's own allegations clearly indicate that he became aware of these violations, at the very latest, during Ms. Delbecq's testimony, which took place in March 2017. Therefore, plaintiff's claims are time-barred.

For the reasons outlined above, the complaint and this case will be case will be dismissed. A separate order accompanies this memorandum opinion.

Date: 8/6/20

United States District Judge